IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JARROD MARTIN, | ) | |
| #23044578, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:25-CV-2819-G-BT |
| DALLAS COUNTY SHERIFF, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Plaintiff Jarrod Martin ("Martin") filed a post-judgment complaint in a closed

civil case, so the court severed his new claims into this civil action.  *See* docket entries

3, 4.  But because Martin did not file his complaint on the correct form or pay the

$405.00 filing fee or move for leave to proceed *in forma pauperis* ("IFP"), the United

States Magistrate Judge ordered him to (1) file a new complaint on the

court-approved form for prisoner actions under 42 U.S.C. § 1983, and (2) either pay

the filing fee or move for leave to proceed IFP by November 17, 2025.  *See* docket

entry 5.  The court warned Martin at that time that his failure to comply with the

court's order would result in the dismissal of this case under Federal Rule of Civil

Procedure 41(b).  *Id.*  Martin, however, failed to comply with the court's order, so, on

May 26, 2026, the Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") that the plaintiff's case be dismissed without prejudice under Federal Rule of Civil Procedure 41(b). *See* docket entry 6.

Martin did not object to the Magistrate Judge's but instead filed a purported notice of appeal ("NOA") and motion for leave to proceed IFP on appeal. *See* docket entries 7, 8. The court liberally construes the NOA – which argues against dismissal – as containing objections to the FCR. After reviewing the FCR and the plaintiff's construed objections in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge is of the opinion that the FCR is correct and is accepted by the court. By separate judgment, Martin's case will be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and follow court orders. The court briefly responds to Martin's construed objections and addresses his motion for leave to proceed IFP on appeal.

Martin argues that he did not consent to the reassignment of this case to the Magistrate Judge. But this case was not reassigned to the Magistrate Judge; rather, the court referred this matter to the Magistrate Judge. Referrals to United States Magistrate Judges are authorized by 28 U.S.C. § 636 and are constitutional. *Goodson v. City of Dallas*, No. 3:25-CV-0816-K-BT, 2025 WL 1333657, at *1 (N.D. Tex. May 7, 2025) (Kinkeade, J.). No consent is required for such referrals. *Newsome v. EEOC*,

301 F.3d 227, 230 (5th Cir.) (per curiam), *cert. denied*, 537 U.S. 1049 (2002).  This objection therefore lacks merit.

Martin argues that the Magistrate Judge's order for him to re-file his complaint on the approved form was "frivolous and illegal" because the Northern District of Texas does not have court-approved forms for cases alleging malicious prosecution under 42 U.S.C. § 1985.  But Martin also brings claims under 42 U.S.C. § 1983.  Indeed, his complaint is entitled "42 U.S.C. § 1985, 1983 Malicious Prosecution Claim for Relief."  Docket entry 4 at 1.  Northern District of Texas Miscellaneous Order 14 provides that prisoner complaints alleging violations under 42 U.S.C. § 1983 shall be filed on a court-approved form.  Martin must file his complaint on the approved form, and this objection therefore lacks merit.

Next, Martin argues that he "filed an application to proceed in forma pauperis with the required certificate of inmate trust account[.]"  Docket entry 7 at 1.  Martin is incorrect.  He has not filed an IFP application in this case, despite being ordered to do so.  This objection therefore lacks merit.

Next, Martin argues that this case does not involve the Dallas County Jail, the City of Dallas, or jail officials.  *Id*. at 2.  That does not explain, however, why Martin did not obey the court's orders.  This objection therefore lacks merit.

In sum, Martin fails to show any error in the Magistrate Judge's FCR and his case is subject to dismissal under Federal Rule of Civil Procedure 41(b) without

- 3 -

prejudice.  To the extent that this dismissal will act, in effect, as a dismissal with prejudice because of the applicable limitations period, the court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).  Here, there is a clear record of delay.  Martin was ordered to file his complaint on the correct form and to either pay the filing fee or seek leave to proceed IFP over nine months ago, but he has still not complied with that order.  And his assertion that the Magistrate Judge's order is "frivolous" shows he has no intention of re-filing his complaint, so lesser sanctions are not required or advisable.

Finally, Martin's request for leave to proceed IFP (docket entry 8) is **DENIED**. Martin seeks to appeal an FCR, which is an unappealable order.  Thus, the appeal will likely be dismissed for lack of jurisdiction and is not taken in good faith under Federal Rule of Appellate Procedure 24(a)(3)(A) and 28 U.S.C. § 1915(a)(3).  See, *e.g.*, *Tomlinson v. Dallas Area Rapid Transit*, No. 3:20-CV-3198-E-BN, 2021 WL 11722870, at \*2 (N.D. Tex. Aug. 19, 2021) (Brown, J.) (denying motion for leave to proceed IFP on appeal of unappealable order); see also *Shaw v. Dir., TDCJ-CID*, No. 9:07-CV-0146-RC-JKG, 2007 WL 2973481, at \*2 (E.D. Tex. Oct. 9, 2007) (denying

request to proceed IFP on interlocutory appeal of Report of the Magistrate Judge).

Martin may challenge this finding under *Baugh v. Taylor*, 117 F.3d 197 (5th Cir.

1997), by filing a separate motion to proceed IFP on appeal with the Clerk of the

Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this order.

**SO ORDERED**.

July 22, 2026.

**A. JOE FISH**
**Senior United States District Judge**